UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY PRIDE,

        Plaintiff,

  v.

CITY OF DETROIT, a Michigan municipality, NICHOLAS ROCHA, MICHAEL AYALA, and TYLER SCOTT ALLEYNE, in their individual and official capacities,

        Defendants.

Case No.
Hon.

_____/

Todd Russell Perkins (P55623)
Joshua Thomas (P84263)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

# COMPLAINT AND JURY DEMAND

    Plaintiff, COREY PRIDE, by and through his attorneys, Joel B. Sklar and

Todd Russell Perkins of the Perkins Law Group, PLLC, files this Complaint and Jury Demand and states the following:

## JURISDICTION

1. Plaintiff, COREY PRIDE, is an individual who resides in the City of Detroit, Wayne County, Michigan.

2. Defendant City of Detroit is a municipal corporation doing business in the City of Detroit, Wayne County, Michigan and operates the City of Detroit Police Department (DPD).

3. Defendant NICHOLAS ROCHA is an officer for DPD and resides and/or transacts business in the City of Detroit, Wayne County, Michigan.

4. Defendant TYLER SCOTT ALLEYNE is an individual who is/was an employee of the City of Detroit Police Department and works in the City of Detroit, Michigan, which is in this District. He is being sued in his individual and official capacities.

5. Defendant MICHAEL AYALA is an individual who is/was an employee of the City of Detroit Police Department and works in the City of Detroit, Michigan, which is in this District. He is being sued in his individual and official capacities.

6. The individual Defendants were acting at all times under color of law and are being sued in the individual and official capacities.

7. The individual Defendants are not entitled to qualified or any other immunity because they knowingly and intentionally violated Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights to which any reasonable officer would have known.

8. Venue is proper in this Judicial District because the incidents, events and transactions which form the basis of this Complaint took place in the City of Detroit, Wayne County, Michigan.

9. The Court has further jurisdiction pursuant to *28 USC § 1331* and *42 USC § 1983*.

## FACTS

10. Plaintiff re-alleges and incorporates the prior allegations, as if fully stated herein.

11. On or about June 19, 2020, at approximately 8:45 p.m., Plaintiff was entering a vehicle legally parked on Manistique, in the City of Detroit.

12. Defendants Rocha, Ayala, and Alleyne exited their police vehicle and ordered Plaintiff to come to the front of the scout car.

13. Plaintiff complied with the order and raised his hands.

14. Without any legal justification or excuse, Defendant officers took hold of Plaintiff and proceeded to conduct a warrantless search of the vehicle.

15. Defendant officers purportedly found a handgun between the

3

passenger seat and the middle console of the vehicle.

16. Defendant officers then handcuffed Plaintiff and put him in the back of a DPD squad car.

17. Defendant officers then placed Plaintiff under arrest for possession of a concealed weapon, weapons possession by a felon, ammunition possession by a felon, possession of controlled substance, felony firearm, and transported Plaintiff to the DPD for processing.

18. Plaintiff remained in custody for several days until his arraignment in 36th District Court.

19. Plaintiff was arrested and detained for the offense of Carrying a Concealed Weapon.

20. Defendant police officers did not have any lawful basis to search or detain Plaintiff or the vehicle.

21. The Police officers concede in their written reports that they never actually saw the Plaintiff with a firearm, however, he was arrested anyway and jailed for several days.

22. The Defendants submitted a request for a warrant to the Prosecutor's Office, requesting that charges be issued, despite the glaring and obvious constitutional violations that occurred, not surprisingly to date, the Government has declined to issue any charges.

23. Defendant City of Detroit as a matter of practice, policy and custom has, with deliberate indifference failed to train, sanction or discipline officers, including the Defendant officers in this case, who concealed violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the Defendant police officers in this case, to engage in unlawful and unconstitutional conduct.

## COUNT I

### VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS FILED PURSUANT TO 42 U.S.C. § 1983

24. Plaintiff re-alleges and incorporates word for word the prior allegations, as if fully stated herein.

25. At all relevant times, the individual Defendants Rocha, Ayala, and Alleyne were state actors for the purposes of 42 USC § 1983 and were acting under color of law at the time they deprived Plaintiff of his constitutional rights set forth herein.

26. The *Fourth Amendment* to the US Constitution guarantees Plaintiff clearly established right to be free from "unreasonable searches and seizures" by governmental officials. *U.S. Const. Amend IV*. This is a clearly established right which any reasonable officer would know.

27. The *Fourteenth Amendment* requires due process and equal protection

under the law.

28. Defendants ROCHA, AYALA and ALLEYNE, detained and searched Plaintiff in violation of his clearly established *Fourth* and *Fourteenth Amendment* rights.

29. Among other things, there was no probable cause or other legal justification or excuse to stop or detain Plaintiff, let alone conduct a search of the vehicle and conduct a warrantless search, without due process.

30. Upon search of the vehicle, Officer Alleyne recovered a Smith and Wesson Bodyguard .380.

31. Plaintiff was then placed under arrest and held in the Detroit Detention Center.

32. Plaintiff was held in the Detroit Detention Center for two days and was never formally charged and released.

33. One of the motivating factors for Defendants' unconstitutional actions towards Plaintiff was his race in violation of *Equal Protection Clause* contained in the *Fourteenth Amendment.*

34. Defendants' actions further showed a reckless disregard and or callous indifference for the constitutional rights of Plaintiff.

35. Defendant City of Detroit acquiesced, condoned, approved, and ratified the unconstitutional conduct of the Defendant police officers.

36. Defendant City of Detroit, by its customs, policies and/or practices, failed to enforce their own rules and regulations pertaining to arrest, custody and detention of Plaintiff in violation of the minimum standards of the law and the Constitution whereby Plaintiff was deprived of liberty and the right to be free from unreasonable searches and seizures.

37. As a direct and proximate result of Defendants violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered the following injuries, including, but not limited to:

    a. Unlawful detention in jail;

    b. Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of pre-existing conditions;

    c. Payment of attorney fees to defend the unlawful criminal charge and other economic injuries; and

    d. Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendant Rocha, Ayala, and Alleyne, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive

damages and all other relief allowed by 42 USC §1988 and any other relief the Court deems just.

## COUNT II

**MUNICIPAL LIABILITY IN VIOLATION OF
THE 4TH AMENDMENT, PURSUANT TO 42 USC § 1983**

38. Plaintiff reasserts paragraph for paragraph and word for word each of the above allegations.

39. Once a Plaintiff has asserted a constitutional deprivation, liability under § 1983 will only attach to a municipality if the municipal policy or custom proximately caused the constitutional deprivation. *See, e.g. Ford v. Cnty. of Grand Traverse,* 535 F.3d 483, 495-96 (6th Cir. 2008). Courts have recognized that deliberately indifferent training, and deliberately indifferent failure to adopt policies necessary to prevent constitutional violations, are among the types of municipal policies and practices that may give rise to municipal liability under § 1983. *City of Canton v. Harris,* 489 U.S. 378, 380 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992). It is not enough to show that the injury could have been avoided by more or better training. Rather, the Plaintiff must show that the municipality's conscious policy regarding training and supervision amounts to deliberate indifference to constitutional rights. *Mayo,* 183 F.3d at 558 (6th Cir. 1999).

40. Defendant City of Detroit's' training procedures for searches contains

8

the policies and procedures that DPD officers are trained in searching civilians.

41. These training procedures do not accurately explain the legal standard of a *Terry* Search.

42. Defendants City of Detroit and the Detroit Police Department have failed utterly to train or instruct their officers in Michigan Law's requirement that a police officer may only make a *Terry* stop when a police officer has reasonable suspicion that an individual is armed, engaged, or about to be engaged, in criminal conduct.

43. Defendants City of Detroit and the Detroit Police Department have acted with deliberate indifference to the constitutional rights afforded to them from unlawful search and seizures.

44. Defendant City of Detroit and the Detroit Police Department have acted with gross indifference to the rights of persons similarly situated to Plaintiff to be free from unlawful search and seizures in violation of State law.

45. Plaintiff has suffered significant emotional distress, humiliation, embarrassment, frustration as a result of being arrested wrongfully.

46. He has also incurred attorney's fees in opposing his unlawful detention.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants, jointly and severally, in their individual and official capacities,

including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by 42 USC §1988 and any other relief the Court deems just.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702

Date:  January 31, 2023

## JURY DEMAND

Plaintiff Corey Pride hereby demands a jury trial in the above captioned matter.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

|  |  |
|---|---|
| Date: January 31, 2023 | Todd Russell Perkins (P55623)<br>PERKINS LAW GROUP, PLLC<br>Attorneys for Plaintiff<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702 |